UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WILLOW BEND, LLC                                    CIVIL ACTION
                                                   NO.  08-1095
VERSUS

BLUE DOT CORPORATION,                              SECTION  "N"  (3)
DOWNTOWN ABQ PARTNERS, LLC
and VINCENT J. GARCIA


# O R D E R  and  R E A S O N S

Before the Court is the **Motion to Dismiss Pursuant to Rule 12(b)(2) (Rec. Doc. 9)**

brought by Defendants Blue Dot Corporation, Downtown ABQ Partners, LLC, and Vincent J.

Garcia. All three Defendants argue that they do not have minimum contacts with the forum state

of Louisiana such that this Court can exercise personal jurisdiction over them. The motion is

opposed by Plaintiff Willow Bend, LLC. After reviewing the pleadings, the memoranda and

attached exhibits, and the applicable law, the motion is hereby **GRANTED IN PART** and

**DENIED IN PART**.

## I. BACKGROUND

Willow Bend is a limited liability company organized under the laws of Colorado with its

principal place of business in that state. On October 12, 2006, Willow Bend entered into a

purchase agreement pursuant to a prior option to purchase a parcel of land in St. John the Baptist

Parish, paying $75,000 to keep open its option. Willow Bend planned to resell the property to a

third party or, alternatively, develop the property, which was located on the riverfront in that

parish. At the same time, Willow Bend began negotiating with Blue Dot and its president,

Vincent Garcia, for a joint venture arrangement to assist in the sale or development. Blue Dot is

a corporation organized under the laws of New Mexico having its principal place of business in that state. According to Willow Bend, Garcia–who was president of Blue Dot and the managing member of Downtown ABQ Partners, a partnership organized under the laws of New Mexico, all of whose members live in that state–verbally agreed that one of the two entities would assist in purchasing the property. In November 2006, Willow Bend and Blue Dot, but not Downtown ABQ Partners, entered into a contract whereby Willow Bend would assist in financing the purchase of the property and then receive 10 percent of the net proceeds of the sale. Failing a subsequent resale, Blue Dot would receive a 65 percent share in the property and in any subsequent joint development venture.

When the third party purchaser backed out, however, Blue Dot was unable to immediately fund the purchase price to obtain its 65 percent share, and asked for additional time to raise the needed funds. Willow Bend agreed and made additional payments to hold its purchase option open. While Blue Dot was seeking the funds, Blue Dot and Downtown ABQ Partners formed a limited liability company, Willow Bend NM Developments LLC, for the purpose of purchasing the Louisiana property. However, this new LLC never entered into any agreement with Willow Bend or any other party to the proposed deal. Eventually, the deal collapsed and the Louisiana property was sold to another third party. On February 22, 2008, Willow Bend brought claims for breach of contract and breach of fiduciary duty against the three Defendants, claiming $200,000 in costs and $1.5 million in lost profits.

## II. ANALYSIS

### A. Rule 12(b)(2) Standard

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the

2

plaintiff bears the burden to show that personal jurisdiction exists. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a court rules on this issue without a full evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). In determining whether plaintiffs have made a prima facie showing of jurisdiction, the Court accepts as true the allegations in the complaint, unless controverted by opposing affidavits, and resolves all factual conflicts in favor of the plaintiff. *Id.* In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of ... recognized [discovery] methods." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, *see* LA. REV. STAT. 13:3201(B), the Court must determine only whether the exercise of its jurisdiction in this case satisfies federal due process requirements. The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts may give rise either to "specific" personal jurisdiction or "general"

personal jurisdiction. *See id.* Specific jurisdiction exists when a plaintiff's cause of action arises from or is related to the defendant's minimum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *Wilson*, 20 F.3d 644 at 647. General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contact with the forum state, if the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n.9; *Wilson*, 20 F.3d at 647. This case presents only the question of specific jurisdiction.

To determine whether specific jurisdiction exists, courts examine whether the defendant purposefully availed himself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *See Guidry v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547-48 (5th Cir. 1985). The defendant's connection with the forum state must be such that he "should reasonably anticipate being haled into court" there. *Latshaw*, 167 F.3d at 211 (citing *World-Wide Volkswagen Corp. v.. Woodson*, 444 U.S. 286, 297 (1980)). To determine whether specific jurisdiction exists, the Fifth Circuit has developed a three-step analysis. *Seiferth v. Helicopteros Atuneros, Inc.* 472 F.3d 266, 271 (5th Cir. 2006). The Court must look to (1) whether the defendant had minimum contacts and purposefully directed its activities toward the forum state or purposefully availed itself of conducting activities there; (2) whether the cause of action arises out of defendant's contacts with the forum state; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id*. (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

That plaintiff entered into a contract with an out-of-state party cannot by itself establish

personal jurisdiction. *Burger King Corp. v. Ruzeqics*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). In a breach of contract case, among the factors that a court should consider in determining whether there has been purposeful availment are prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing. *Stuart*, 772 F.2d at 1193 (citing *Burger King*, 471 U.S. at 479).

Once a court determines that a plaintiff's cause of action arose out of defendant's minimum contacts with the forum state, the Court will next consider whether asserting specific jurisdiction offends "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. This prong of the analysis requires consideration of "the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." *Stuart*, 772 F.2d at 1191 (quoting *Southwest Offset, Inc. v. Hudco Publ'g Co.*, 662 F.2d 149, 152 (5th Cir.1980)).

**B. Analysis of the Court's Jurisdiction Over Defendants**

Though the Plaintiff lumps together all three Defendants in its complaint and opposition, the Court must consider whether it has jurisdiction over each Defendant separately, and does so herein.

<u>i. Blue Dot Corporation</u>

In this case, the Court concludes that it does have specific jurisdiction over Blue Dot. Willow Bend and Blue Dot entered into a contractual agreement to finance the purchase of property located in the Eastern District of Louisiana. *See* Opp. at Ex. 4. Though this agreement

contained no choice of forum provision, it was governed by Louisiana law. *See id.* at Exs. 4, 5 (choice of law provisions). Garcia, acting on behalf of Blue Dot, twice visited the state to inspect the property. *See* Mem. at Ex. C. Garcia and his representatives also spoke with attorneys, brokers, and real estate agents concerning the property, Blue Dot's intent to finance the purchase of it, and financial and zoning details related to the planned purchase. *See* Opp. at Exs. 6-8. Had this agreement been executed, Blue Dot would have either profited from the sale of the property or would have become a 65 percent owner in land located in Louisiana, *see* Opp. at Ex. 4, either of which would have subjected it to personal jurisdiction in this forum. Given the terms of the contract and the contemplated future consequences of the agreement–that is, given that this cause of action arises out of alleged breach of a contract governed by Louisiana law for the purchase of land in Louisiana–as well as a course of dealing that includes Garcia's frequently expressed intent to purchase the property on Blue Dot's behalf, his contacts with Louisiana residents, and his visits to the state, the Court concludes that Blue Dot could reasonably anticipate being haled into court in Louisiana.

The Court also finds that the exercise of jurisdiction over Blue Dot conforms with traditional notions of fair play and substantial justice. The contract acknowledges that its enforcement is subject to the laws of Louisiana, and Louisiana has an interest in adjudicating disputes involving its law. While exercising jurisdiction in Louisiana may be inconvenient for Blue Dot, exercising jurisdiction elsewhere would be similarly inconvenient for Willow Bend. (Indeed, exercising jurisdiction in Louisiana equally inconveniences both parties in this case.) As such, the Court finds that exercising jurisdiction is proper. The motion must accordingly be **DENIED** as to Defendant Blue Dot Corporation.

### ii. Downtown ABQ Partners, LLC and Vincent J. Garcia

By contrast, the Court concludes that it does not have jurisdiction over Downtown ABQ Partners, LLC. The partnership is a separate legal entity from Blue Dot, with separate books, records, and accounts; neither is a subsidiary of the other. *See* Mem. at Ex. B. It is undisputed that the partnership and the partners that comprise it are not residents of Louisiana. *Id.* Downtown ABQ Partners is not a party to the contract that is at the heart of this case. *See* Opp. at Ex. 4. The partnership's only apparent contact with Louisiana was ordering an appraisal of the property in question from a Louisiana firm. *See* Mem. at 3. Such an act does not represent the kind of sustained and continuous contact with a forum that would support the exercise of jurisdiction over a defendant.

In its complaint, Willow Bend claims that Blue Dot and Downtown ABQ Partners entered into a limited liability corporation that would become a 65 percent owner of the property. *See* Compl. at ¶¶18-20. Beyond this conclusory statement, however, Plaintiff offers no evidence as to the planned activities of the new LLC or any evidence that there was an agreement for the new entity to purchase the property. Additionally, even if such an agreement did exist, that agreement would have been formed in New Mexico between the constituent shareholders, not in Louisiana, and would likely be governed by New Mexican law, so the jurisdictional analysis would differ substantially from that of the contract at issue in this case. Given the totality of the circumstances, the Court cannot conclude that Downtown ABQ Partners engaged in actions from which it could reasonably expect to be haled into court in Louisiana.

Similarly, though Willow Bend alleges that Garcia acted throughout the negotiations both individually and on behalf of Blue Dot, no evidence is presented that Garcia acted in his

individual capacity, nor does Willow Bend make any showing that it is reasonable to pierce the corporate veil and make Garcia individually liable.

Accordingly, the motion is **GRANTED** as to Defendants Downtown ABQ Partners and Vincent J. Garcia and the claims against these Defendants are **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's ability to reinstate them in a court of proper jurisdiction.

New Orleans, Louisiana, this 1st day of December, 2008.

**KURT D. ENGELHARDT**
**United States District Judge**

8