UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLOW BEND, LLC | CIVIL ACTION |
| | NO. 08-1095 |
| VERSUS | |
| BLUE DOT CORPORATION | SECTION "N" (3) |

# O R D E R and R E A S O N S

Before the Court is the **Motion to Alter or Amend Judgment (Rec. Doc. 24)**, filed by Plaintiff Willow Bend, LLC. Plaintiff prays that this Court alter its Order of December 1, 2008 (Rec. Doc. 23) granting Defendants' motion to dismiss for lack of personal jurisdiction as to Downtown ABQ Partners, LLC, and Vincent J. Garcia.

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Mendler v. Derouen*, 2009 WL 411244, at *1 (E.D. La. 2009) (Vance, C.J.). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Plaintiff does not argue that there is any new evidence in this case. Rather, the gravamen of Plaintiff's argument is that "[i]t makes no sense to hold that Garcia's entity subjected itself to

personal jurisdiction in Louisiana based on Garcia's conduct, but not to hold that Garcia subjected himself personally." Mot. at 4. In fact, this outcome not only makes sense, it conforms to a fundamental premise of corporations law, which recognizes that different entities are not interchangeable simply because they have common ownership. Accordingly, the motion is **DENIED**. Defendant Blue Dot Corporation is directed to file its answer or other responsive pleading within 10 days of the date of this Order.

New Orleans, Louisiana, this 2nd day of March, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**